UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY PIPOLA,

                Petitioner,                MEMORANDUM
                                                AND ORDER

                                                09-CV-1804 (SJ)

   – against –


UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------X

A P P E A R A N C E S
LINDA S. SHEFFIELD
6600 Peachtree Dunwoody Road
400 Embassy Road Suite 470
Atlanta, GA 30328
By: Linda S. Sheffield
Attorney for Petitioner

BENTON J. CAMPBELL
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By: Amir Toossi
Attorney for Respondent


JOHNSON, Senior District Judge:

    Petitioner Anthony Pipola ("Petitioner" or "Pipola") has moved for a writ of *audita querela*. Based on the submissions of the parties, and for the reasons stated below, the petition is denied.

1

P-049

## BACKGROUND

On March 29, 1994, Petitioner was convicted of conspiracy to obstruct commerce by robbery under 18 U.S.C. § 1951(a), two counts of aiding and abetting the obstruction of commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and 2(a), and two counts of aiding and abetting the use of a firearm during a crime of violence, under 18 U.S.C. §§ 924(c)(1) and 2(a). On appeal, Pipola argued, inter alia, that the jury instruction with respect to the aiding and abetting the use of a firearm was plain error and that there was insufficient evidence to support those convictions. United States v. Pipola, 83 F.3d 556 (2d Cir. 1996). Both arguments were rejected by the Circuit Court. Id. at 561-5. Specifically, the court found that "[r]ead as a whole, the instructions effectively explained that the defendant must have directly facilitated the commission of the firearms offense. Therefore, there is no reasonable likelihood that the conviction was based on an erroneous view of the law." Id. at 563-4. Additionally, the court found the evidence (consisting of co-conspirator testimony) sufficient to support both firearms convictions. Id. at 564. The Supreme Court denied Pipola's petition for a writ of certiorari. Pipola v. United States, 519 U.S. 869 (1996).

On August 16, 1997, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (the "2255 Petition"). That Petition argued (1) ineffective assistance of counsel; (2) insufficiency of the evidence supporting the Hobbs Act convictions for want an of interstate commerce nexus; and (3) the

P-049

jury instruction's failure to require proof that Petitioner performed some act that directly encouraged or facilitated the carrying of a firearm. The second and third claim were essentially identical to those made on direct appeal, although Petitioner argued that the decision in Bailey v. United States, 516 U.S. 137 (1995), a case decided after his trial, warranted reversal of the firearms charges.

The Court rejected Petitioner's argument that Bailey changed the law with respect to aiding and abetting liability under 18 U.S.C. § 924(c) and denied the 2255 Petition. See Pipola v. United States, 1999 WL 993718, at *3 (E.D.N.Y. Oct. 19, 1999) (citing United States v. Malpeso, 115 F.3d 155 (2d Cir. 1997).) Petitioner filed two subsequent motions for reconsideration, which were both denied. Pipola v. United States, 2005 WL 1457722 (E.D.N.Y. Jun. 17, 2005). Petitioner also applied for a certificate of appealability which was denied by both this Court and the Circuit Court. (Docket No. 67.)

On April 30, 2009, Pipola filed a petition for a writ of *audita querela* pursuant to 28 U.S.C. § 1651 (the "Instant Petition"). The Instant Petition argues that "the applicable law was not applied" to Petitioner's firearms convictions. Because this argument has already been made and rejected by both this Court and the Court of Appeals, Petitioner's contention need not detain us long.

P-049

## DISCUSSION

"Though formally abolished in civil cases, see Fed. R. Civ. P 60(b), the writs of error coram nobis and *audita querela* remain available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 243 (2d Cir. 1995). "*Audita querela* is probably available when there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to conviction" that is not otherwise redressable. Id.; see also United States v. Richter, 510 F.3d 103 (2d Cir. 2007) (quoting same). "Thus the writ of *audita querela* is available only to fill any gaps of the federal postconviction remedial framework." Grajales v. United States, 2008 WL 5272458, at *1 (E.D.N.Y. Dec. 18, 2008) (Townes, J.); see also United States v. Williams, 2009 WL 2252111, at *2 (S.D.N.Y. Jul. 27, 2009) ("[T]he writ might be deemed available if its existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2254.") (citing Richter).

To the extent Petitioner challenges his sentence on the grounds that the Court misapplied Bailey, (Pet. at 10), his argument is one that was available to (and already made by) him through the mechanism of 28 U.S.C. § 2255. Therefore, this is not an instance in which no postconviction remedy beyond the writ of *audita querela* exists. See Calvert v. United States, 2007 WL 160918, at *3 (E.D.N.Y. Jan. 17, 2007) (Amon, J.) ("[W]here petitioner's claims could have been pursued in a 2255 motion, they cannot come in through the *audita querela* back door.")

4

P-049

(internal citation omitted). Moreover, Petitioner's claims of "innocence as to the sentence" relies on the same misinterpretation of Bailey that formed the basis of his 2255 Petition and has been rejected by the Court of Appeals. See Pipola, 83 F.3d at 563; see also, Pipola, 1997 WL 993718, at *3. Accordingly, the Instant Petition for writ of *audita querela* is DENIED.

SO ORDERED:

DATED: April 20, 2010
      Brooklyn, New York

s/b Judge Johnson
Sterling Johnson, Jr, U.S.D.J.

P-049